CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. VS. SHANE BILLSIE　　　　　　　　　　　　　　　　　　　　DKT. NO. 1:09CR00237-1

## PETITION FOR WARRANT ON PERSON UNDER SUPERVISION

COMES NOW, Walter E. Vanni, Senior United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Shane Billsie, who was placed on supervision by the Honorable Philip A. Brimmer, sitting in the United States District Court in Denver, Colorado, on November 6, 2015.  The defendant was sentenced to 12 months' imprisonment, to be served consecutively to United States District Court, District of Colorado, Docket Number 1:15-cr-00124-1, and 5 years' supervised release for a violation of supervised release related to his original conviction for the offense of Sexual Abuse of a Minor Under the Age of Sixteen Years in Indian Country and Aiding and Abetting, in violation of 18 U.S.C. §§ 2243(a)(1) and (2), 2, and 1153.  This is the defendant's third term of supervised release as there has been two prior revocations (See Documents 43, 79, and 105, Judgment in a Criminal Case and Judgments for Revocation of Supervised Release).  Supervision commenced on October 18, 2018, and is set to expire on October 17, 2023.  On July 10 and November 21, 2019, Orders Regarding Request for Modification of the Conditions of Supervision [Document 107 and 109] were signed by the Court.  As noted in the judgment, the Court ordered mandatory, special and standard conditions of supervision.  The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATION(S) ALLEGED:**

1. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about June 27, 2019, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician.  Use of a controlled substance equates to possession and pursuant to C.R.S. 18-18-403.5, possession of methamphetamine carries a penalty of over 12 months' imprisonment.[1]  This constitutes a Grade B violation of supervised release.

---

[1] According to §7B1.1(a)(2), a Grade B Violation is based on conduct constituting any other offense punishable by imprisonment of more than a year.  In U.S. v Rockwell, 984 F.2d 1112 (10th Cir. 1993) cert. denied, 113 S. Ct. 2945, the Court equated drug use with drug possession.  In U.S. v. Draper, 2019 WL 1552732 (10th Cir. April 10, 2019), the Court applied penalties under state law in finding Grade B violations for possession and use.  In U.S. v Robles, 447 Fed. Appx. 892 (10th Cir. 2012), the Court found that drug use equates to drug possession and is a Grade B violation under USSG §7B1.1.

On June 30, 2019, the defendant submitted a drug screen at Independence House, a contract testing and treatment provider of the Probation Office, that returned positive for amphetamine.  On July 1, 2019, I received a voicemail from the defendant reporting he used methamphetamine on June 27, 2019, and the drug screen he submitted on June 30, 2019, would return "hot" for methamphetamine.

On July 8, 2019, the defendant reported to the Probation Office as directed for the purpose of addressing multiple instances of noncompliance which occurred in June 2019, to include his methamphetamine use.  The defendant discussed his methamphetamine use and stressors triggering the same.  It was determined that Court notification of his noncompliance and request for residential reentry center placement was necessary pending further collaboration with his treatment provider [Document 106].  It was agreed the defendant would attend additional substance abuse treatment and maintain weekly telephone contact with me to enhance communication and increase accountability.

The drug screen the defendant submitted on June 30, 2019, confirmed positive for methamphetamine by Alere, the national drug testing laboratory.

2.  **VIOLATION OF LAW**

From April 2019 through October 2019, the defendant committed False Statements, in violation of 18 U.S.C. § 1001.  This is a Class D felony, which constitutes a Grade B violation of supervised release.

On October 23, 2018, the defendant was instructed by the probation officer at his initial meeting that he will be required to submit monthly written reports throughout the course of his supervision, which will be due by the 5th day of each month.  He was also told that a complete and truthful report must be completed each month.

On October 23, 2018, the defendant was directed to complete monthly written reports used to assist the United States Probation Office to monitor compliance with the supervision conditions ordered by the Court which included, but are not limited to, ensuring the defendant is lawfully driving a vehicle.  From April 2019 through October 2019, the defendant completed and signed written reports, under penalty of perjury, that he did not own or had not driven a vehicle.

On December 6, 2019, the defendant admitted to me that he had been unlawfully driving a Ford F-150 from March 2019 through June 2019.  The defendant admitted to trading his Ford F-150 and purchasing a 2016 Chevy Cruze.  The defendant also admitted he failed to include any vehicle information when submitting monthly written reports from April 2019 through October 2019.  The defendant willfully submitted written reports while knowingly concealing material facts, and signed, under penalty of perjury, that his responses throughout the documents were true and correct.

Case 1:09-cr-00237-PAB   Document 110   Filed 12/16/19   USDC Colorado   Page 3 of 5

Shane Billsie  
1:09CR00237-1

Petition for Warrant On Person Under Supervision  
Page 3

December 16, 2019

3. **FAILURE TO RESIDE IN/COMPLY WITH RULES OF RESIDENTIAL REENTRY CENTER (RRC)**

On December 10, 2019, the defendant's placement at the residential reentry center (RRC) was terminated due to noncompliance.  This offense constitutes a Grade C violation of supervised release.

On July 26, 2019, the defendant's placement began at Independence House South Federal RRC facility as a special condition of his supervised release.

On December 10, 2019, the defendant's placement at Independence House South Federal RRC was rejected by Program Director Che' Velarde, due to the defendant displaying he has no desire to abide by the RRC rules and regulations.  This included failing to attend scheduled treatment sessions, returning late to the RRC on multiple occasions, failing to make his location calls on numerous occasions, being unaccountable and out of location while in the community on numerous occasions, and operating a motor vehicle without approval and without a valid driver's license.

4. **FAILURE TO COMPLY WITH THE RULES AND RESTRICTIONS SPECIFIED BY THE SEX OFFENDER TREATMENT AGENCY**

On December 12, 2019, the defendant was unsuccessfully discharged from RSA, Inc. (RSA), Lakewood, Colorado, the sex offender treatment program in which the probation officer had directed him to participate, which constitutes a Grade C violation of supervised release.

On November 9, 2018, as directed by the probation officer, the defendant initiated sex offender specific treatment services by signing and agreeing with conditions outlined in RSA's treatment contract, which specified the rules and restrictions of the program.

On December 12, 2019, the defendant was unsuccessfully discharged from the RSA program due to violating the rules and restrictions specified in his RSA treatment contracts and the terms and conditions of his supervised release.  The defendant's violations included an ongoing pattern of dishonesty and secret-keeping, engaging in illegal behaviors by driving without a license, and an ongoing pattern of violations despite interventions and increased containment.

It is RSA's opinion that the defendant is not appropriate for community-based offense specific treatment, nor does he appear safe to be placed in the community at this time.

### STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

Based on the nature of the defendant's current conviction and the alleged violations, the probation officer requests a warrant for the defendant's arrest due to the potential danger presented by the defendant.  The combination of the admitted violations, engaging in high risk behaviors and a lack of investment in the treatment process raises

Case 1:09-cr-00237-PAB   Document 110   Filed 12/16/19   USDC Colorado   Page 4 of 5

Shane Billsie  
1:09CR00237-1

Petition for Warrant On Person Under Supervision  
Page 4

December 16, 2019

major concerns. The defendant has shown a complete disregard for the conditions set forth by the Court and it is believed that there are no conditions that could be set to improve the defendant's willful noncompliance or to minimize his danger to the community.

## RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

The issuance of a warrant due to violations of supervised release and, subsequent to the arrest of the defendant, that the Court consider revocation of supervision.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/Walter E. Vanni*
　Walter E. Vanni
　Senior United States Probation Officer
　Place:　Denver
　Date:　December 16, 2019

*s/Edgar T. Ruiz*
　Edgar T. Ruiz
　Supervisory United States Probation Officer
　Place:　Denver
　Date:　December 16, 2019

## PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:

The defendant was originally convicted of a Class C felony, thus the maximum sentence allowed upon revocation is 2 years' imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade B violation. The defendant's criminal history is a Category IV, thus the advisory guideline range for revocation is 12 to 18 months.

## STATEMENT IN SUPPORT OF DETENTION AT INITIAL APPEARANCE:

Based on the defendant's performance while on supervision, the probation officer recommends the defendant be detained pending revocation proceedings. Pursuant to 18 U.S.C. § 3143(a), the defendant is viewed as presenting a risk of flight and danger to the community. This determination is made based on the defendant's history of absconding from supervision and an ongoing pattern of secret keeping. In addition, he has not been truthful with his probation officer or sex offender treatment provider, and his noncompliant behavior puts the community at risk as the probation office is not able to deconstruct the defendant's secret lifestyle and effectively address third party risk issues. Pursuant to F.R.Crim.P.Rule 32.1(a)(6), the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the defendant.